NATHAN FISHALOW, Plaintiff and Appellee, *v.* ESCAMBRÓN DEVELOPMENT CORPORATION and JACK BOLÍVAR, Defendants and Appellant the former.

No. 12381. Decided September 15, 1961.

*René Benítez* for defendant and appellant.   *F. Fernández Cuyar* for defendant Jack Bolívar.   *Brown, Newsom & Córdova* for appellee.

Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, and Mr. Justice Blanco Lugo and Mr. Justice Dávila.

PER CURIAM.

Plaintiff-appellee filed an action for damages against the Escambrón Development Corporation and Jack Bolívar for noncompliance with the covenants of a contract executed between them.   The defendant filed a cross-complaint against codefendant Bolívar, requesting that the latter be ordered to pay any amount that it would be bound to satisfy the plaintiff.   The trial having been held, the complaint was granted and the claim against the codefendant was dismissed.   The Escambrón Development Corporation appeals to this Court.

◼ Bolívar and the Escambrón Development entered into a contract for the management of the entertainment place owned by the latter in this city.   It was established in said contract that both parties should reach an agreement for the appointment of the accountant for the business, while the auditor would be appointed by the corporation.   It appears from the evidence that Bolívar informed Modesto Bird, Treasurer-Director of the corporation, of his intention to sign a contract with the plaintiff for his accounting services and that Bird did not make any objection.   It was later, when Bird told Jaime Montoya the corporation's auditor, to reach an agreement with Bolívar in order to organize the accounting department of the Escambrón, that the difficulties arose which have given rise to this suit.   Montoya understood that he had been entrusted with the same work that Bolívar had agreed with the plaintiff to do and he so communicated it to Bird.   It was then decided to inform Bolívar that the plaintiff was not acceptable and that they should agree on another

accountant who would as a matter of fact work under Montoya in the same manner as was done by another accountant in the firm operating the Hotel Normandie. The corporation presented evidence to maintain that Bolívar never informed it of his intention to sign contract with the plaintiff but the trial court resolved the conflict against the corporation.

The evidence having established that Bolívar had consulted the authorized representative of the corporation before signing contract for plaintiff's services and the latter having failed to make any objection, the liability for the damages suffered by plaintiff as a result of the nonperformance is clear.

■ As to the amount of damages, the trial court appraised them at $5,100, but the appellant maintains that they should be reduced by the total income earned by plaintiff during the effectiveness of the contract. Now the difficulty with this contention lies in that the plaintiff satisfactorily proved to the trial court that pursuant to the terms of the contract, he could have performed the same and at the same time rendered the other services which earned him the income that the corporation alleges should be deducted from the amount granted for damages. This being so, no reduction should be ordered.

The judgment appealed from will be affirmed.